UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LG CAPITAL FUNDING, LLC,

                Plaintiff,

     -against-

VAPE HOLDINGS INC.,

                Defendant.

Civil Action No. 16-cv-2217 (CBA)

**ANSWER**

---

      Defendant Vape Holdings, Inc. ("VHI"), by and through its undersigned attorneys, for its Answer to the Verified Complaint (the "Complaint") of Plaintiff LG Capital Funding, LLC ("LG"), states the following:

      1.    VHI lacks information sufficient to form a belief as to the allegations set forth in this paragraph.

      2.    Admitted.

      3.    This paragraph consists of asserted legal conclusions to which response is required.

      4.    This paragraph consists of asserted legal conclusions to which response is required.

      5.    This paragraph consists of asserted legal conclusions to which response is required.  VHI refers to the referenced forum selection clause, which speaks for itself.

      6.    Admitted that VHI entered into the Note.  Otherwise, denied.

      7.    VHI refers to the Note, which speaks for itself.

8. VHI refers to the Note, which speaks for itself.

9. VHI refers to the Note, which speaks for itself.

10. VHI lacks information sufficient to form a belief as to the allegations set forth in this paragraph.  However, this paragraph provides ample proof that the effective interest rate of the Note, taking into consideration the 42% discount on the price of VHI's shares built into the conversion feature of the Note, substantially exceeded 25%. Accordingly, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

11. VHI refers to the Note, which speaks for itself.

12. VHI refers to the Notice of Conversion, which speaks for itself.  VHI disputes that the contents of the Notice of Conversion was fair, accurate and consistent with the terms of the Note.  In any case, the Notice of Conversion was nugatory because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

13. VHI admits that it did not honor the Notice of Conversion.  However, Defendant denies that it did so without excuse or justification.  Rather, as set forth above, the Notice of Conversion was nugatory because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

14. VHI refers to the March 23, 2016 letter, which speaks for itself. Furthermore, as set forth above, the Notice of Conversion was nugatory because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

15. VHI admits that it did not provide LG with shares of common stock.  VHI

denies that LG ever requested any sum of money from VHI in connection with any alleged breach of contract. As set forth above, the Notice of Conversion was nugatory because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

16. VHI refers to the contents of the Note and the August 6, 2015 letter, each of which speaks for itself. VHI states that Island Stock Transfer is no longer its transfer agent. In any case, as set forth above, the Notice of Conversion was nugatory because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

17. Denied. As set forth above, the Notice of Conversion was nugatory because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

18. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

19. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

20. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

21. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious

interest rate.

22. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

23. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

24. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

25. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

26. VHI refers to the March 23, 2016 letter, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

27. VHI admits that it is not delivered the shares sought in the Notice of Conversion. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

28. Denied.

29. Denied. The Yahoo! Finance Graph speaks for itself.

30. VHI refers to the Note, which speaks for itself.

31. VHI refers to the Note, which speaks for itself.

32. Denied. The "default payments" are not due and owing because they are premised upon a void and unenforceable penalty clause.

33. VHI refers to the Note, which speaks for itself. Furthermore, VHI denies the remainder of this paragraph on grounds that the asserted Failure to Deliver Loss provision is an unenforceable penalty clause.

34. VHI refers to the Note, which speaks for itself. Furthermore, VHI denies the 24% default interest applies because in this action LG seeks its purported expectation damages based upon the conversion of the Note, not remedies for non-payment of the Note—which does not mature until August 5, 2016.

35. VHI refers to the Note, which speaks for itself. VHI denies that LG is entitled to any attorneys' fees because LG has pursued unmeritorious claims and will not be the prevailing party in the action.

36. VHI refers to the Note, which speaks for itself. VHI denies that LG is entitled to any attorneys' fees because LG has pursued unmeritorious claims and will not be the prevailing party in the action.

37. VHI refers to the Note, which speaks for itself.

## FIRST CLAIM FOR RELIEF

38. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

39. Denied. VHI refers to the Note, which speaks for itself.

40. Denied. VHI refers to the Note, which speaks for itself. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

41. Denied.  As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

42. Denied.  See the Court's decision dated June 2, 2016.

43. Denied.  See the Court's decision dated June 2, 2016.

44. Denied.  In any case, this paragraph consists of self-serving arguments and legal conclusions to which no response is required.

### SECOND CLAIM FOR RELIEF

45. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

46. Denied.  As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

### THIRD CLAIM FOR RELIEF

47. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

48. VHI refers to the Note, which speaks for itself.

49. Denied.  As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

50. Denied.  As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

51. Denied.  See the Court's decision dated June 2, 2016.

52. Denied.  See the Court's decision dated June 2, 2016.

53. Denied.  In any case, this paragraph consists of self-serving arguments and legal conclusions to which no response is required.

## FOURTH CLAIM FOR RELIEF

54. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

55. VHI lacks information sufficient to form a belief as to the allegations set forth in this paragraph.

56. Denied.  As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

57. Denied.  As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

58. Denied. See the Court's decision dated June 2, 2016.

59. Denied.  In any case, this paragraph consists of self-serving arguments and legal conclusions to which no response is required.

## FIFTH CLAIM FOR RELIEF

60. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

61. Denied.  As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

## SIXTH CLAIM FOR RELIEF

62. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

63. Denied.  As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.  Furthermore, LG never had ownership or title to the shares, but only a contractual claim to the shares.

64. Denied.  As set forth above, the Note is void and unenforceable on

grounds that it provides for a criminally usurious interest rate. Furthermore, LG never had ownership or title to the shares, but only a contractual claim to the shares.

65. Denied. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate. Furthermore, LG never had ownership or title to the shares, but only a contractual claim to the shares.

66. Denied. See the Court's decision dated June 2, 2016.

67. Denied. In any case, this paragraph consists of self-serving arguments and legal conclusions to which no response is required.

## SEVENTH CLAIM FOR RELIEF

68. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

69. Denied. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate. Furthermore, LG never had ownership or title to the shares, but only a contractual claim to the shares.

## EIGHTH CLAIM FOR RELIEF

70. Defendants repeat and restate their responses to the above allegations and incorporate the same herein as if fully set forth at length.

71. Denied. VHI refers to the Note, which speaks for itself. Furthermore, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate.

72. Denied. In any case, this paragraph consists of self-serving arguments and legal conclusions to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

73. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

74. The Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate, as fully articulated in VHI's memorandum of law in opposition to LG's motion for a preliminary injunction.

## THIRD AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

76. The daily penalties, default interest rate and Make Whole Failure to Deliver Loss provisions of the Note are invalid and unenforceable penalty provisions.

## FIFTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by its bad faith.

## SIXTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred, in whole or in part, on grounds of fraudulent inducement.

## EIGHTH AFFIRMATIVE DEFENSE

80. Plaintiff waived its claims against Defendant.

## NINTH AFFIRMATIVE DEFENSE

81. Plaintiff lacks legal capacity to sue.

## TENTH AFFIRMATIVE DEFENSE

82. Plaintiff failed to mitigate its damages, if any

## **PRAYER FOR RELIEF**

WHEREFORE, VHI prays for relief as follows:

A. For the dismissal of the Action in its entirety;

B. For a declaration that the Note is void and unenforceable;

C. For an award of VHI's reasonable attorneys' fees and costs incurred in connection with this action;

D. For an order awarding such other and further relief as this Court may deem just and proper.

Dated:   June 6, 2016
         New York, New York

                                                   PRESS LAW FIRM PLLC

                                                   144 East 44th Street, Eighth Floor
                                                   New York, New York 10174
                                                   Telephone (212) 922-1111
                                                   Facsimile   (347) 342-3882
                                                   mpress@presslawfirm.com

                                                   By: _____
                                                          Matthew J. Press

                                                   *Counsel to Defendant*

**JURY DEMAND**

PLEASE TAKE NOTICE that Defendant demands a trial by jury on all issues so triable.

Dated:   June 6, 2016
         New York, New York

                        PRESS LAW FIRM PLLC

                        144 East 44th Street, Eighth Floor
                        New York, New York 10174
                        Telephone (212) 922-1111
                        Facsimile   (347) 342-3882
                        mpress@presslawfirm.com

By: _____
                Matthew J. Press

*Counsel to Defendant*