FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 18 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LG CAPITAL FUNDING LLC,

          Plaintiff,

-against-

VAPE HOLDINGS, INC.,

          Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
16-CV-2217 (CBA) (LB)

**AMON, United States District Judge:**

On May 3, 2016, plaintiff LG Capital Funding LLC ("LG Capital") filed a complaint against defendant Vape Holdings, Inc. ("Vape Holdings") claiming that Vape Holdings had willfully refused to honor LG Capital's notice of conversion and share reserve. (D.E. # 1.) At a settlement conference on June 9, 2016, the parties reached a settlement. (D.E. dated June 9, 2016.) On July 13, 2016, LG Capital filed a letter asserting that Vape Holdings had breached the settlement agreement and that, as a result, LG Capital was seeking preliminary relief against Vape Holdings. (D.E. # 21.) On August 4, 2016, LG Capital filed a proposed order to show cause why a preliminary injunction should not issue enjoining Vape Holdings from (1) "issuing further conversions under any and all outstanding convertible instruments during the pendency of [the] action;" (2) "from issuing transfer agent instructions to reserve shares for the purposes of conversions under any and all outstanding convertible instruments during the pendency of [the] action; and" (3) "from issuing any further convertible notes or other debt instruments during the pendency of [the] action." (D.E. # 25.) On August 5, 2016, this Court endorsed the order to show cause and referred the matter to the Honorable Lois Bloom, United States Magistrate Judge, for report and recommendation ("R&R"). (D.E. # 26.) On August 17, 2016, at the hearing on LG Capital's motion for preliminary relief, Magistrate Judge Bloom issued the R&R on the record,

1

recommending that this Court (1) deny LG Capital's request for preliminary relief and (2) enter a judgment in favor of LG Capital against Vape Holdings in the amount of $151,000, which is the amount that the parties had agreed upon in the settlement agreement. (D.E. dated August 17, 2016; D.E. # 32.) Additionally, Magistrate Judge Bloom set forth on the record that the deadline for the parties to file objections to the R&R would be August 31, 2016.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

The Court has reviewed the R&R and the record and, finding no clear error, adopts Magistrate Judge Bloom's recommendations.

SO ORDERED.

Dated: November 17, 2016  
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon  
United States District Judge